IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| IN RE BALTIMORE MARINE INDUSTRIES, INC.<br>　　　　Debtor | |
| THE INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA/ INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO AND ITS LODGE S-33,<br>　　　　Appellants | CIVIL NO:　WDQ-04-3802<br>BANKRUPTCY NO.: 03-80215-JS |
| v. | |
| ALAN M. GROCHAL, LIQUIDATING AGENT<br>　　　　Appellee. | |

MEMORANDUM OPINION AND ORDER

On July 23, 2004, Alan M. Grochal, Liquidating Agent for Baltimore Marine Industries Inc.("BMI")'s bankruptcy, moved to pay certain pre-petition medical claims on behalf of BMI's employees. The International Association of Machinists ("IAM") opposed Grochal's motion based upon its pending Worker Adjustment and Retraining Notification Act[1] ("WARN") claims against BMI. IAM contends that payment of these lower priority

---

[1] 29 U.S.C. §§2101-2109 (2005).

1

medical claims will unlawfully reduce any potential WARN Act award. On October 21, 2004, the Bankruptcy Court granted Grochal's motion.  IAM filed a timely notice of appeal and moved for a stay of the Bankruptcy Court's order pending appeal.  On November 8, 2004, the Bankruptcy Court denied the motion.

As the medical claims have already been paid, Grochal contends that the appeal is now moot. For the reasons discussed below, the Court will dismiss this appeal as moot.

## BACKGROUND

The Bankruptcy Code provides for a $4,650[2] per employee cap on certain allowed[3] unsecured claims, including pre-petition medical and wage claims.  *See* 11 U.S.C. § 507 (2005).  Payment of an employee's medical claims may reduce his wage claim.  *See id.* It is undisputed that IAM's pending WARN Act wage claims, if successful, would have priority over the medical claims.  The Bankruptcy Court, however, found that the potential WARN Act

---

[2]Section 507 was subsequently amended to raise the individual cap to $4,925.  The change was not retroactive.

[3]Section 502 of the Bankruptcy Code provides that a claim is deemed "allowed" unless a party in interest objects. *See* 11 U.S.C. § 502. Under BMI's Joint Plan of Liquidation, "Allowed Claim(s)" means any Claim...as to any such claim, either objection to the allowance thereof has been filed, or if an objection to the allowance thereof has been filed, the objection has been overruled or the amount of such claim fixed by a Final Order." *See* Appellee Brief at p.3.

claims were not ripe because they were not "allowed" under the Joint Plan of Liquidation and the Bankruptcy Code. The Bankruptcy Court, therefore, approved Grochal's payment of the "allowed" pre-petition medical claims.  *See* Tr. at pp. 26-29. IAM argues that the Bankruptcy Court erred by allowing payment of lower priority claims before litigation of its WARN Act claims.

## STANDARD OF REVIEW

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 266 (2000). Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). To survive an assertion that a claim is moot, a party must have suffered an actual injury that "can be redressed by a favorable judicial decision." *Id*.

## ANALYSIS

Shortly after the Bankruptcy Court's denial of IAM's motion to stay, Grochal paid all of the pre-petition medical claims. Notwithstanding payment of these claims, IAM contends that this appeal is not moot, because the Court could determine that these payments were made at the estate's risk. IAM,

therefore, requests that any potential WARN Act award should not be reduced by payment of the pre-petition medical claims.

As section 507 of the Bankruptcy Code requires the reduction of any potential WARN Act award, the Court cannot grant IAM's requested relief.  If IAM wanted to avoid this reduction, it should have sought emergency relief from this Court.  *See Constructivist Foundation, Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000).  As there is no practical judicial relief available, IAM's appeal will be dismissed. *See Central States, S.E. &  S.W. Areas Pension Fund v. Central Transport, Inc.*, 841 F.2d 92, 95 (4th Cir. 1988)(dismissal on mootness grounds is required only when implementation of an order has created, extinguished, or modified rights "to such an extent that effective judicial relief is no longer practically available")).

## CONCLUSION

For the reasons discussed above, IAM's appeal will be dismissed.

<u>April 26, 2005</u>              <u>     /s/                      </u>
Date                     William D. Quarles, Jr.
                         United States District Judge

4